**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VALERIE JOHNSON, | DOCKET NUMBER |
| Appellant, | PH-0752-17-0017-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 17, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Valerie Johnson, New Haven, Connecticut, pro se.

Kimberly Jacobs, Esquire, Newington, Connecticut, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The agency issued the appellant a decision letter dated August 7, 2015, removing her from her position based upon charges of absence without leave (AWOL) and failure to follow leave procedures. Initial Appeal File (IAF), Tab 7 at 82, 85. The parties subsequently entered into a Last Chance Agreement (LCA), which provided that the agency would hold the appellant's removal in abeyance for a period of 3 years and that evidence of the appellant's failure to maintain satisfactory conduct, performance, or work habits would constitute a breach of the agreement and would result in the reinstatement of the removal action without a right of appeal to the Board. *Id.* at 79-81. After the appellant was returned to work, the agency charged her with AWOL on numerous occasions between February and August 2016. *Id.* at 28-37. Because a charge of AWOL constituted a violation of the LCA, the agency issued a notice removing the appellant, effective September 27, 2016, for engaging in behavior that violated the LCA. *Id.* at 26. The appellant filed an appeal of the removal action. IAF, Tab 1.

¶3      Because there appeared to be a question of Board jurisdiction over the removal action, the administrative judge issued an acknowledgement order that advised the appellant of her burden regarding a removal in violation of an LCA. IAF, Tab 2.  The appellant responded that she was sick, dealing with a medical condition, and that she did not want to advise management of her health issues. IAF, Tab 9 at 3.  The appellant also asserted below that the agency charged her with AWOL because her supervisors did not process her request for leave under the Family and Medical Leave Act of 1993 (FMLA).  IAF, Tab 1 at 5, Tab 9 at 3. The agency filed a response, which included the forms the appellant submitted requesting FMLA leave and her doctor's certification for treatment and prognosis. IAF, Tab 7 at 19-25.  Without holding the requested hearing, the administrative judge issued an initial decision finding that the waiver of appeal rights was valid and that the appellant admitted to the breach of the LCA.  IAF, Tab 10, Initial Decision (ID) at 3-4.  The administrative judge found that, although she sympathized with the appellant's difficulties, it did not provide a basis for finding that she had not breached the LCA.  ID at 4.  The administrative judge also noted that the FMLA application filed by the appellant on September 26, 2016, included a doctor's certification for treatment and prognosis dated August 18, 2016, which did not cover the appellant's 13 instances of AWOL during April and May 2016. *Id.*; IAF, Tab 7 at 19-25.  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.  ID at 4.

¶4      The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives her right to appeal to the Board.  *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 12 (2008).  To establish that a waiver of appeal rights should not be enforced, an appellant must show one of the

following: (1) she complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) she did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.*

¶6    On review, the appellant asserts that she did not purposefully breach the LCA. PFR File, Tab 1 at 3. She also reasserts that she requested to be placed on FMLA leave at the time of the absences resulting in AWOL and that her supervisor intentionally never signed off on her FMLA requests. *Id.*; IAF, Tab 9.

¶7    We have reviewed the record evidence, and it does not support the appellant's claims. Indeed, the record reflects that, even though the appellant was advised several times that her FMLA application package was not complete, she did not submit a completed FMLA package to the agency until September 26, 2016, the same date she received the removal notice. IAF, Tab 7 at 19-25, 39-45. Moreover, as the administrative judge correctly found, the appellant's doctor's certification for treatment and prognosis, dated August 18, 2016, did not cover April and May 2016, the period of time during which she was AWOL 13 times. ID at 4; IAF, Tab 7 at 23-24. Accordingly, we find that the appellant has set forth no basis to disturb the administrative judge's finding that she breached the LCA.

¶8    The appellant also argues that she was removed because of her race. PFR File, Tab 1. This allegation, however, is irrelevant to the dispositive issue, i.e., whether the Board may exercise jurisdiction over the removal appeal notwithstanding the appellant's waiver of her appeal rights in the LCA. *See Easterling*, 110 M.S.P.R. 41, ¶ 12. Moreover, absent an otherwise appealable action, the Board lacks an independent source of jurisdiction to adjudicate the appellant's discrimination claim. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Accordingly, we affirm the administrative judge's dismissal of this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.